UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JOSEPH TORRES,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>Defendant. | No. 2:19-cv-2015 DB P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a federal prisoner proceeding without counsel in this action brought pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971),[1] seeks leave to proceed in forma pauperis.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

---

[1] The Ninth Circuit has recognized that "[a]ctions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 929 F.2d 1384, 1388 (9th Cir. 1991).

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.      Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

### III. Plaintiff's Allegations

Plaintiff's allegations arose while he was incarcerated at the Federal Correctional Institution in Herlong, California. He names the Federal Bureau of Prisons as the sole defendant, and he seeks injunctive relief only.

Plaintiff's allegations can be fairly summarized as follows:

On May 1, 2019, plaintiff was charged with possession of narcotics after a NIK (Narcotics Identification Kit) tested positive on pieces of cardstock found in plaintiff's property. A hearing on the charge was held on May 8, 2019, and plaintiff was found guilty. As a result, plaintiff was "disallow[ed] 34 days of Good Conduct Time," he was placed in disciplinary segregation for 14 days, and he lost telephone privileges for 180 days.

Plaintiff claims his due process rights were violated because the NIK field test results are "notorious[ly]" unreliable. At the hearing, he asked that he be allowed to prove his innocence with secondary laboratory testing, but this request was denied.

Plaintiff now asks that the incident report be expunged and his good conduct time credits be restored.

### IV. Discussion

#### A. Civil Proceeding v. Writ of Habeas Corpus

Plaintiff's complaint provides no information as to the length of his sentence. If he is not serving a life sentence, he is hereby informed that he may not challenge the disciplinary hearing in which he lost good time credits in this civil proceeding because it would result in a change of the duration of his sentence. If a successful challenge to the hearing would necessarily result in a shorter sentence, plaintiff must challenge the results through a writ of habeas.

The Supreme Court has recognized that "[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871...42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (citation omitted); Nettles

v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). See also Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)) ("In Preiser, state prisoners brought a § 1983 suit seeking an injunction to compel restoration of good-time credits. The [Supreme] Court held that because the state prisoners were challenging the very fact or duration of their confinement and were seeking a speedier release, their sole federal remedy was by writ of habeas corpus.").

Therefore, to the extent plaintiff is challenging the disciplinary hearing that resulted in loss of good-time credits and which may affect the duration of his sentence, he cannot proceed in this § 1983 action.

**B.  Due Process Disciplinary Hearing**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff, 418 U.S. at 556. However, "[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake." Coakley v. Murphy, 884 F.2d 1218, 1220 (9th Cir. 1989). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state law or prison regulations. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Sandin v. Conner, 515 U.S. 472, 483-84 (1995). When a state creates a liberty interest, the interest "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, … nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483-84.

To the extent that plaintiff is entitled to due process under the legal standards discussed above, plaintiff retains his right to due process subject to the restrictions imposed by the nature of the penal system. Wolff, 418 U.S. at 556. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. Wolff established five constitutionally mandated procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and

prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or … to have adequate substitute aid … from the staff or from a[n] … inmate designated by the staff." Id. at 570.

Plaintiff alleges that he was denied the right to submit outside evidence to rebut the institution's positive drug test. But there is no right to submit an additional drug test to counter the results of a positive one. See, e.g., Henson v. U.S. Bureau of Prisons, 213 F.3d 897 (5th Cir. 2000) (prisoner did not have a due process right to a second test after first urinalysis test came back negative); Harrison v. Dahm, 911 F.2d 37, 41 (8th Cir. 1990) (due process does not require prison officials to provide a drug re-test or to provide an inmate with the documentary evidence of the results); Spence v. Farrier, 807 F.2d 753, 756 (8th Cir. 1986) (although inmates are permitted to present a defense, "[s]tates need not implement all possible procedural safeguards against erroneous deprivation of liberty when utilizing results of scientific testing devices in accusatory proceedings"); Jackson v. Shartle, 2019 WL 1795593, at *3 (D. Ariz. Mar. 13, 2019) ("Petitioner was made aware that the SIS technician tested the strips and found them positive for amphetamines, and so no additional testing was necessary."); White v. Stansil, 2016 WL 4009954, at *6 (E.D. Cal. July 25, 2016) ("[N]umerous courts have held that a prisoner does not have a constitutional right to an additional drug test to verify the results of an initial positive test"); Cato v. Ives, 2013 WL 1856101, at *5 (E.D. Ky. Apr. 30, 2013) ("A prisoner also has no protected due process right in obtaining outside scientific or laboratory testing of evidence to be used against him"); Manfredi v. United States, 2012 WL 5880343, at *6 (D.N.J. Nov. 20, 2012)

(no due process right to obtain a second, independent lab test. Accordingly, even if petitioner had been notified in a timely manner of the laboratory results, he was not entitled to a second drug test to confirm those results.); Peer v. Denham, 2015 WL 5579654, at *6 (D. Colo. Sept. 23, 2015) ("[P]risoners do not have a generalized right to a retest in the wake of a disputed test result."); In re Davis v. Prack, 58 A.D.3d 977, 978, (N.Y. App. Div. 2009) ("[T]here is no requirement that additional tests be performed to confirm an initial positive NIK test result.").

Accordingly, the Court concludes that even if this action is properly brought as a civil proceeding, plaintiff fails to state a claim because he does not have a due process right to outside drug testing. The undersigned further concludes that amendment in this case would be futile. The Court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

## V. Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Federal Correctional Institution filed concurrently herewith;
3. The Clerk of Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file

written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: January 28, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/torr2015.scrn